ZENITH ELECTRONICS CORP., ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Consolidated Court No. 88-07-00488

(Dated March 13, 1995)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson* and *Larry Hampel)* for plaintiff Zenith
Electronics Corporation.
*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington* and *Mary T. Staley)*
for plaintiff-intervenors Independent Radionic Workers of America, the International
Brotherhood of Electrical Workers, the International Union of Electronic, Electrical,
Technical, Salaried and Machine Workers (AFL-CIO) and the Industrial Union Depart-
ment (AFL-CIO).
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial
Litigation Branch, Civil Division, United States Department of Justice *(Velta A.
Melnbrencis), Priya Alagiri,* Attorney Advisor, Office of the Chief Counsel for Import Ad-
ministration, United States Department of Commerce, of counsel, for defendant.
*Akin, Gump, Strauss, Hauer & Feld, L.L.P. (Sukhan Kim, Warren E. Connelly* and
*Margaret L.H. Png)* for defendant-intervenors Samsung Electronics Co., Ltd. and Sam-
sung Electronics America, Inc.

OPINION

RESTANI, *Judge:* This matter is before the court following a remand
order. *See Zenith Elecs. Corp. v. United States,* Slip Op. 94–146 (Sept. 19,
1994). The court ordered the United States Department of Commerce
("Commerce") to (1) recalculate the value-added tax ("VAT") adjust-
ment to United States price ("USP") according to its new methodology;
(2) re-classify a credit rebate as a direct selling expense; and (3) recon-
sider the treatment of expenses for warranty-related fees, the use of best
information available ("BIA") for freight allowances, and the adjust-
ment for merchandise and parts. Remaining at issue are the first two
items, together with the BIA issue.

For reasons expressed in its remand order, the court did not allow
Commerce to reconsider the first two items. Commerce has complied
with the court's order as to those items. As in *Zenith Elecs. Corp. v.
United States,* Slip Op. 95–35, at 2 (March 9, 1995), plaintiffs challenge
that aspect of Commerce's new methodology that does not call for the
USP adjustment to be capped by the absolute amount of the tax paid in
the home market. For the reasons stated in *Zenith, id.,* plaintiffs' posi-
tion is rejected. Earlier cases have imposed a cap related to Commerce's
prior methodology of adjusting for the absolute amount of the foreign
market tax. *See, e.g., Federal-Mogul Corp. v. United States,* 862 F. Supp.
384, 395 (Ct. Int'l Trade 1994). More recently, however, the court has
required that the VAT adjustment be made via application of the home
market tax *rate,* to a tax base that is appropriately adjusted. *See Zenith,*
Slip Op. 94–146, at 3. Commerce's new methodology, which implements
the court's direction does not require the cap applicable to the prior
methodology. *See Federal-Mogul,* 862 F. Supp. at 394–95.

As to the credit rebates at issue, Commerce is not required to explain its reason for granting direct selling expense treatment to the rebates. The reason was obvious. Commerce followed the Court's specific direction, which gave Commerce no choice. Furthermore, the court rejects any attempt on the part of challengers to the remand determination to seek, at this time, correction of clerical errors made in 1988. The remand order was limited.

Finally, as to the BIA issue, at the request of both defendant and defendant-intervenors Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively "Samsung"), the court directed Commerce to reconsider whether it had given Samsung the opportunity to submit freight allowance discount information on a sales-specific basis. *Zenith,* Slip Op. 94–146, at 20. On remand, Commerce decided it had not given Samsung such an opportunity and reopened the record to allow Samsung to submit such data. Samsung, however, could not respond because it no longer had the data. On Samsung's motion, this has been an open issue since 1988. Samsung has known since 1988 that Commerce wanted sales-specific information. Under these circumstances, Samsung was required to maintain specific documentation and cannot now rely on the simple allocation it submitted in 1988. When parties agree to the stay of a case, they must take steps to preserve documents relevant to that case or suffer the consequences.

Accordingly, Commerce's remand determination is sustained.